IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH A. HUMPHREY and : | |
| BETTY J. HUMPHREY, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:06-CV-1367-JOF |
| : | |
| WASHINGTON MUTUAL BANK, : | |
| F.A., : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion to compel Plaintiff's deposition [8-1] and Defendant's motion for summary judgment [11-1].

Plaintiffs, Keith and Betty Humphrey, filed suit against Defendant, Washington Mutual Bank, FA, in the Superior Court of DeKalb County on May 8, 2006, seeking to set aside a foreclosure sale that Defendant conducted on the real estate and improvements located at 6731 Hill Creek Cove, Lithonia, DeKalb County, Georgia 30058. Plaintiffs raised claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, and Georgia foreclosure law.

Defendant removed the suit to this court on June 6, 2006. Several months later, Defendant filed a motion to compel Plaintiffs' depositions. Defendant's counsel testified

via affidavit that he attempted to serve notices of deposition upon Plaintiffs' counsel, Marcus Vickers, by hand delivery but was informed that there was no office for Plaintiffs' counsel at the address on record with the court. Defendant's counsel eventually reached Plaintiffs' counsel by phone, and Mr. Vickers informed him that he had moved offices and did not know where Plaintiffs were presently located.

Defendant then filed a motion for summary judgment, and Mr. Vickers filed a motion to withdraw as counsel. In an order dated February 2, 2007, the court granted Mr. Vickers' motion and instructed the Clerk of the Court to serve Defendant's motion for summary judgment on Plaintiffs at their last known address. The court warned Plaintiffs that failure to respond to Defendant's motion would mean the court deems it unopposed. Further, the court instructed Plaintiffs that if they did not respond to the court's order, the court could take any sanction up to and including dismissal of their action. The court allowed Plaintiffs thirty days to respond; however, Plaintiffs have not made any response. Accordingly, the court will now rule on Defendant's motion for summary judgment having deemed it unopposed.

On January 27, 2003, Sun America Mortgage Corporation financed a loan to Plaintiffs for $164,150.00. Plaintiffs executed a promissory note in that amount to Sun America conveying a security deed to the property. The note and security deed were transferred to Washington Mutual Bank. In September 2004, Washington Mutual Bank

2

instituted foreclosure proceedings on the property. Plaintiffs entered into a loan modification agreement with Defendant in April 2005. Plaintiffs then defaulted on the loan modification agreement, and Defendant's law firm sent Plaintiffs a letter communication on September 26, 2005, stating that the law firm was acting as a debt collector for the mortgage company. The letter informed Plaintiffs that "unless you dispute the validity of the debt or any portion thereof within thirty days after the receipt of this notice, we will assume that the debt is valid." An employee of the law firm attached a certificate of mailing attesting that he mailed the letter to Plaintiffs on that date.

The law firm also sent Plaintiffs a Notice of Foreclosure Sale of September 29, 2005. Plaintiffs signed for the certified Notice of Foreclosure Sale letter on October 18, 2005. Plaintiffs had actual notice of the foreclosure sale prior to November 1, 2005. On October 31, 2005, Plaintiffs delivered a challenge letter to the September 26, 2005 notice to Defendant's law firm purportedly pursuant to the Fair Debt Collection Practices Act. (The letter was backdated to October 24, 2005). On that same date, the law firm verified the debt and sent Plaintiffs a response letter enclosing a copy of the security deed executed by Plaintiffs at closing. Plaintiffs failed to cure their default, and the property was sold in foreclosure on November 1, 2005.

Plaintiffs' Fair Debt Collection Practices Act claim fails because that Act applies only to debt collectors and not to creditors or mortgage servicers. *See* 15 U.S.C. § 1692a(6).

3

AO 72A
(Rev.8/82)

Defendant is not a debt collector because it was attempting to collect its own debt from Plaintiffs. To the extent that the actions of Defendant's law firm could be construed as those of the mortgage company, Plaintiffs did send a debt verification request to Defendant's law firm on October 31, 2005. That letter, however, was outside the thirty-day window provided under the Fair Debt Collection Practices Act for Plaintiffs to respond to Defendant's September 26, 2005 letter directing Plaintiffs about the manner in which they could contest the debt. *See* 15 U.S.C. § 1692g(a)(3) and 1692g(b) (debt collector may presume debt valid if no response to debt collection letter is received within thirty days). Furthermore, the law firm responded that same day validating the debt. Thus, Plaintiffs' debt verification letter could not have the effect under law of halting the foreclosure sale.[1]

For the foregoing reasons, the court GRANTS Defendant's motion for summary judgment [11-1]. Because the court grants Defendant's motion for summary judgment, the court DENIES AS MOOT Defendant's motion to compel Plaintiff's deposition [8-1]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiffs' complaint.

**IT IS SO ORDERED** this 1st day of June 2007.

---

[1] To the extent that Plaintiffs' complaint can be read to raise any claims under state foreclosure law, pursuant to 28 U.S.C. § 1367, the court declines to exercise supplemental jurisdiction over those claims.

4

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)